UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:08-CV-530 (CEJ) ) |
| GENERAL SITE SERVICES, LLC, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' amended motion for default judgment against defendant General Site Services, LLC, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union). Defendant General Site Services, LLC, is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. In their amended motion, plaintiffs seek $108,959.22 in delinquent contributions, $31,989.92 in liquidated damages, and $11,044.79 in interest. Plaintiffs additionally seek $2,382.00 in attorney's fees, $1,535.00 in payroll examination fees, and $564.56 in court costs.

The summons and a copy of the complaint were served on defendant on May 1, 2008. Defendant did not file an answer or other responsive pleading and, on June 18, 2008, the Clerk of Court entered default against defendant.

### Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On October 10, 2005, John G. Dickinson, managing member of defendant, signed an agreement to be bound by the terms of a collective bargaining agreement between the Site Improvement Association and the Union (the Site Agreement). [Doc. #27-7]. The Site Agreement remained in effect through March 1, 2009; thereafter, it automatically renewed for additional periods of one year, absent advance notice of termination by either party. (Art. XIII) [Doc. #27-8 at 31]. The collective bargaining agreement requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement. Id. §§ 5.03 - 5.06. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, court costs, and attorney's fees. Id. §§ 5.10 - 5.11.

Plaintiffs submit the affidavit of John Massa, who conducted a payroll examination of defendant's records. Mr. Massa has supplied documents setting forth, for each employee, the contributions due to the separate funds and the liquidated damages and interest due on the unpaid contributions for the period of July 1, 2005 through December 31, 2008.[1] Plaintiffs' amended complaint alleges that contributions

---

[1] Plaintiffs seek $94,499.87 in unpaid contributions, $19,395.87 in liquidated damages, and $11,044.79 in interest for this time period.

are due for the period beginning January 1, 2006. Defendant's default is an admission only of the allegations contained in the complaint and thus plaintiffs have not established that they are entitled to relief for contributions due before January 1, 2006. For the period of January 1, 2006 through December 31, 2008, the evidence establishes that defendant General Site Services, LLC, is liable to the funds for $69,247.52 in unpaid contributions, $14,236.46 in liquidated damages, and $4,538.75 in interest, for a total of $88,022.73.

Plaintiffs also seek unpaid contributions that came due after completion of the payroll examination. They submit the affidavit of Bernard Difani, administrative manager of the funds, who states that, for the period of January 2009 through September 2009, defendant owes unpaid contributions in the amount of $14,459.35, and liquidated damages in the amount of $12,594.05. These amounts will be disallowed. First, Mr. Difani's discrepancy report includes contributions due to an entity ("CTAF") that is not a party to the case. Additionally, the report lists contributions due starting in January 2006, and thus overlaps with the time frame covered by Mr. Massa's payroll examination. There is no indication that Mr. Difani excluded from his report any amounts included in the payroll examination. Accordingly, the request for additional delinquent contributions and liquidated damages will be denied.

Plaintiffs also submit the affidavit of their attorney Brian Love. Mr. Love attests that his firm's standard hourly billing rate for the services of partners was $165.00 in 2008 and 2009 and is $170.00 in 2010; the firm's hourly rate for the services of an associate attorney was $155.00 in 2008 and 2009 and is $160.00 in 2010; and the firm's hourly rate for services performed by a legal assistant at all relevant times was $75.00. Included in Mr. Love's affidavit is a billing record for work performed in

connection with this case. The Court has reviewed the record and determines that the charges are reasonable. Plaintiffs have established that they have incurred attorney's fees in the amount of $2,382.00 and costs in the amount of $564.56, for a total of $2,946.56.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion for default judgment [Doc. #26] is **granted in part and denied in part**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2010.